L. Barron Hill, J.
This motion seeks an order vacating and annulling a warrant of attachment and the levy thereunder upon the ground “ that the affidavits on which the warrant was granted do not show that the plaintiff is entitled to recover a stated sum from the defendant in that the alleged cause of action set forth in said affidavit is for unliquidated damages which are speculative in nature, and no facts are set forth from which the amount of said alleged damages may be reasonably determined ”.
Plaintiff has cross-moved pursuant to section 822 of the Civil Practice Act for leave to file a supplemental affidavit as part of the proof in support of the warrant of attachment heretofore issued.
Levy has been made on goods of the defendant in this State having an estimated value of $50,000.
*900 The complaint is based on an agreement between the corporate plaintiff and defendant. The agreement sets forth that defendant manufactures certain rubber products and that the plaintiff corporation ‘ is desirous of obtaining the only franchise store for the purpose of storing, selling and distributing the above said products upon the condition hereinafter stated in the City of New York, and immediate surrounding territories ”.
The agreement thereupon imposes many conditions upon plaintiff corporation, including the immediate deposit with defendant of $25,000, and without clearly stating so indicates that plaintiff corporation has been granted the desired exclusive franchise upon its performing all of the many specified conditions.
Nowhere in the agreement is there any specification of the rights granted to plaintiff corporation under the exclusive franchise. The complaint alleges that plaintiffs suffered damage in that, thereafter, defendant made direct sales in the area allotted to plaintiffs and that a subsidiary corporation of defendant operated directly in the area, both of whom sold defendant’s products in competition Avith plaintiffs and at prices which plaintiffs could not meet.
Defendant in its memorandum argues that it had every right to so compete and that plaintiffs Avere given only an exclusive right to a store by the agreement. In this contention, defendant may well be right. If so, it certainly secured for itself a very beneficial agreement with plaintiffs. At this point, in these proceedings, it is difficult for this court to fathom why plaintiffs so easily parted with $25,000 for something Avhich defendant contends, in reality, amounted to nothing.
The agreement appears to this court to present a clear ambiguity as to what, if anything, was granted to plaintiffs. At this point, their claim of what was granted is, at least, tenable. If they are correct, it is indicated that they may have been damaged.
Since plaintiffs have offered to provide additional proof of their damages, it is unnecessary for this court to determine the sufficiency of the proof offered in the original papers except to hold that the papers are not jurisdictionally defective.
The situation presented is one clearly envisaged by section 822 of the Civil Practice Act whereby in the furtherance of justice plaintiffs’ cross motion is granted with leave to defendant to move, as it may be advised, in respect to the sufficiency of the additional affidavit submitted to the court on the cross *901 motion within 20 days of service of the order to be entered herein with notice of entry.
The motion of defendant is denied without prejudice as aforesaid.
Settle one order.